UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LOCAL 1922 PENSION FUND,

                        Plaintiffs,

       - against -

NU-MERIT ELECTRICAL SUPPLY CO. INC.,

                        Defendant

------------------------------------------------------------------X

Case No.  17-CV-195

COMPLAINT

      United Employees Health Fund (hereinafter "Health Fund"), by its' attorneys, Bryan C. McCarthy, Esq. & Associates, P.C., alleges as follows:

## JURISDICTION AND VENUE

      1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1132(e)(1), and §301(a), of the Labor-Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(a).  This is an action by the Plaintiffs for, *inter alia*, breach of a Collective Bargaining Agreement (hereinafter "Agreement") between an employer and a labor organization representing employees in an industry affecting commerce, as well as to enforce ERISA §502(a)(3), 28 U.S.C. §1132(a)(3)(B)(ii), (d)(1), (e)(2) and (f) and d145(a) and (c), ERISA §515, 29 U.S.C. §1145 and §301 of the LMRA.

      2.     Venue is based on the location of the office from which the Fund is administered,

which is in the Eastern District of New York.  As such, venue is appropriate pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Taft Hartley §301, 29 USC §185.

## PARTIES

3.      Upon information and belief, the Defendant, Nu-Merit Electrical Supply Company, Inc., (hereinafter "Employer") is a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its last known principle office located at 68 East Sunrise Highway, Freeport, New York 11520.

4.      Upon information and belief, the Employer, was and is an "employer" within the meaning of §3(5) and 515 of ERISA, 29 USC §§ 1002(5) and 1145.

5.      Theodore Sheridan whose address is 840 South Long Beach Ave., Freeport, New York, 11520 is President and, on information and belief, the only shareholder of the Employer

6.      The Fund is an employer pension and insurance benefit plan within the meaning of §3(2) and (3) of ERISA, 26 U.S.C. §414(j) and a "defined benefit plan" within the meaning of §3(35) of ERISA, 29 U.S.C. 1002(35).

7.      The Fund is a "multiemployer plan" within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).  The Fund was created and is maintained pursuant to §302(c) of the LMRA.

8.      The Fund's principle office is located at 1065 Old Country Road, Suite 202, Westbury, New York 11590.

9.      The Fund was created pursuant to a written agreement and declaration of trust (hereinafter "Trust Agreement").  The Fund is maintained, *inter alia*, for the purpose of providing its participants and beneficiaries with a defined benefit pension plan.

10.     The Fund provides benefits to eligible employees and their dependents on whose

behalf the Employer is required to make contributions to the Fund pursuant the Collective Bargaining Agreement ("Agreement") between Electrical Wholesalers of Long Island Association, of which the Employer is a member, and Local 1922, International Brotherhood of Electrical Workers, AFL-CIO ("Union"), dated March 1, 2014 through December 31, 2016.

11.    Employer withdrew from Fund in a complete withdrawal by permanently ceasing all covered operations under the Fund, within the meaning of ERISA §§ 4201(a) and 4203(a)(1) or (2), 29 U.S.C. §§ 1381 (a) and 1383(a)(1) or (2).

12.    Such a complete cessation of the obligation to make contributions or cessation of covered operations constituted a "complete withdrawal" from Fund, for which withdrawal liability may be collected by the Fund, pursuant to ERISA § 4201(a), 29 U.S.C. §1381(a).

13.    Upon information and belief, as a result of its complete withdrawal, Employer is obligated to pay withdrawal liability to the Fund of $20,867.00.  This liability was determined by the Fund under §4211(c)(4)(A) of ERISA, 29 U.S.C. §1391(c)(4)(A).

14.    In accordance with ERISA §4219(b), 29 U.S.C. §1399(b) on May 2, 2016 the Fund sent a demand letter for payment withdrawal liability to Employer. This letter was sent via certified mail and return receipt to the last known address of the Employer and was returned to the Fund as non-deliverable.  A second letter demanding payment of withdrawal liability was sent via certified mail and return receipt on May 18, 2016 to Mr. Sheridan's address.

15.    The demand letter for withdrawal liability dated, May 18, 2016, advised the Employer that they owed $20,867.00 in withdrawal liability to the Fund and if payment was not made within sixty (60) days of the date the first quarterly payment was due then amount owed would be in default and the entire amount of withdrawal liability, plus accrued interest on the total outstanding liability, from the due date of the first payment that was not timely made,

would become due.  Furthermore, the Employer was advised in the demand letter that according to the terms of the Trust Agreement, the Trustees may declare default when notice is received of any circumstances indicating a substantial likelihood that further payments will not be made in a timely fashion.

16.     Pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5) the failure of Employer to make the first quarterly payment when due, the failure to make any other payments towards its withdrawal liability, and the failure to cure such delinquency constituted a default.

## FIRST CAUSE OF ACTION

17     Plaintiff incorporates by this reference and re-allege, as though fully set forth herein, the allegations of paragraphs "1" through "16" above.

18     As set forth above, pursuant to ERISA §502(g)(2) and 4201(b), 29 U.S.C. §1132(g)(2) and 1451 (b), Employer is obligated to pay withdrawal liability, interest, liquidated damages on the delinquent withdrawal liability payments, and attorneys' fees and costs.

19     The Employer's failure to make required contributions to the Fund resulted in considerable unfunded liability to the Fund.

20     As a result of Employer's withdrawal from Fund, the Fund was adversely affected to the extent that required contributions to the Fund were not made and withdrawal liability owed to the plan was not paid.

21     Therefore the Employer is liable to the Fund in the minimum amount of $20,867.00  in unpaid  withdrawal  liability, plus liquidated  damages, interest, reasonable attorneys' fees and the costs and disbursements of this action.

## PRAYER

WHEREFORE, the Plaintiff prays for judgment against the Defendant, Nu-Merit Electrical Supply Company, Inc., as follows:

(A) As to the First Cause of Action, the minimum amount of $20,867.00, together with interest from the date of the delinquency and liquidated damages, together with reasonable attorneys' fees and the costs and disbursements of this action, as set forth in ERISA §501(g)(2), 29 USC §1132(g)(2) et. seq, and for such other and further relief as the Court deems just and proper;

Dated: January 13, 2017

Respectfully submitted,

Bryan C. McCarthy, Esq., & Associates, P.C.

by: _____
    Sheri D. Preece, Esq.
    Attorney for Plaintiff
    Bryan C. McCarthy, Esq. & Associates, P.C.
    1454 Route 22, Suite B101
    Brewster, New York 10509